

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

484

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. I. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. 0-2305
Re: Whether or not a trustee
of a consolidated rural
high school district can
validly receive compensa-
tion from the contractor
for carpenter work per-
formed on a building the
contractor is erecting
for the school district.

We received your letter dated April 26, 1940 re-
questing our opinion on the following question which we
quote from your letter as follows:

"Can a trustee for a consolidated rural
high school district receive compensation from
the contractor for carpenter work performed on
a building the contractor is erecting for the
school district?"

It is well settled in Texas that if a public of-
ficial directly or indirectly has a pecuniary interest in a
contract, no matter how honest he may be, and although he
may not be influenced by the interest, such a contract is
against public policy. Meyers et al vs. Walker et al, 276
S. W. 305.

Under the facts set out in your letter, we assume
that the contractor is an independent contractor. This
being true, the will of the school board is represented only
as to the result of the work and the contractor is left to
determine the manner and means involved in the performance
of said contract.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

If, at the time the contract in question was let, there was no agreement, express or implied, between the contractor and the school trustee with reference to the employment in question, it would appear that the trustee in question has no such pecuniary interest in the contract as to make it void under the public policy doctrine.

We recognize the fact that such a situation as herein involved might be subject to criticism due to the fact that the board of trustees must accept the work when completed. A situation might arise here whereby the trustee would have conflicting interests. That is to say, there may be a tendency on the part of the school trustee, because of such employment, to induce the approval of the work when completed which otherwise might not be approved. Notwithstanding the possibility that certain conflicting interests might arise under the contract of employment, we are of the opinion that the mere existence of such a possibility would not preclude the employment under the public policy doctrine.

In our Opinion No. 0-1589, this Department held that trustees of an independent school district were not subject to the provisions of Article 373, Penal Code. For the reasons set out in that opinion, a copy of which is enclosed, we are of the opinion that Article 373, supra, has no application to your question here.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Glenn R. Lewis
Assistant

By _____
Lee Shoptaw

APPROVED JUN 25, 1940

_____
FIRST ATTORNEY

LS:EP

Enclosure


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN